
FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

2013 MAR -1  A 11: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| ROBERT SARVIS | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) Civil Case No. 1:12-cv-12233-NMG | |
| | ) | |
| POLYVORE, INC. | ) Hon. Nathaniel M. Gordon | |
| Defendant. | ) | |

### PLANTIFF'S OPPOSITION
### TO DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY

The Plaintiff opposes Defendant Polyvore's Motion to file a reply to his Opposition. The local rules do not allow it without leave of court and in this case leave is not warranted. The Complaint reasonably meets the standards set in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Polyvore merely seeks to put forth evidence that is impermissible under a Rule 12(b)(6) motion in an attempt to convert its motion to dismiss into one of summary judgment.

Polyvore, clearly in an attempt to impugn the Plaintiff because he is *pro se*[1], *wrongly* states the pleading standard relied by him in his brief is outdated and no longer in effect. However, the Plaintiff's brief relies on the *exact* landmark case Polyvore claims he was ignorant of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). See Pages 7, 9 of his Opposition and his Table of Authorities page iii where he states:

---

[1] Polyvore's Memorandum is similarly seeded with innuendo and *ad hominen* attacks on the Plaintiff in the hopes that this Court is predisposed against *pro se* litigants and will therefore summarily and unjustly deny him due process.

1

Page 7: In order to defeat a 12(b)(6) motion, a complaint only must contain "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the claims. *Bell Atlantic, supra.*

Page 9: Rule 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic, supra*

The Supreme Court's findings in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) merely generalized the Rule 8 anti-trust findings of *Bell Atlantic* but did not change any of *Bell Atlantic's* findings relative to Rule 8. Polyvore wrongly continues to insist that detailed factual allegations, as well as, extensive exhibits of the infringed work is required in the Complaint. Based on their argument here the Plaintiff is required in his complaint to list each and every time and way with specific detail that Polyvore has violated the Plaintiff's exclusive rights. Neither *Bell Atlantic* nor *Ashcroft* hold for that premise. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations.'" *Ashcroft* at 14. Instead, *Bell Atlantic* requires the non-moving party "state a claim to relief that is *plausible on its face*." (Emphasis added) *Id.* at 570. "The 'plausibility standard' is not akin to a 'probability requirement.'" *Ashcroft* at 14. "A claim has facial plausibility when the pleaded factual content allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged." (Emphasis added.) *Id.* at 556. In *Ashcroft* the plaintiff argued that the detention was a result of unconstitutional discrimination but failed to allege facts in support, namely that the plaintiff was of a protected class, thus the Court found:

> To prevail on that theory, the complaint must contain facts plausibly showing that petitioners purposefully adopted a policy of classifying post-September-11 detainees as "of high interest" *because of their race, religion, or national origin.* (Emphasis added). *Ashcroft, supra.*

2

*Bell Atlantic* gave an example of a legal conclusion: "first noted that the plaintiffs' assertion of an *unlawful* agreement was a "'legal conclusion'" and, as such, was not entitled to the assumption of truth." (Emphasis added.) *Ashcroft* at 16, citing *Bell Atlantic* at 555.

In complete contrast, the Plaintiff's Complaint alleges facts of direct infringement by Polyvore and its Users and secondary copyright infringement by Polyvore. The Plaintiff's Complaint alleges the following *facts*:

1) He is the owner of various copyrights (C¶ 5);
2) Those copyrights are registered (C¶ 9)
3) Those copyrighted Images have been copied by Polyvore Users (C¶10, 37) *and* Polyvore, (C¶¶20, 23, 30); without approval or license (C¶¶15, 16, 17);
4) Polyvore was notified pursuant to the DMCA and given a representative sample of the infringed images (C¶¶7, 8, 19) *and* the Plaintiff provided attached to the Complaint a copy of the DMCA notice and the representative samples of infringed Images (Exhibits AA and Exhibit A). Providing URLs is like telling a non-internet publisher not only the book, but the page number and the exact location on the page where the infringed images appear.
5) The Images continue to be displayed at of the time of the Complaint (indeed, they are still up) (C¶41);
6) Polyvore provides an editing system that allows its Users to remove, or hide or otherwise defeat copyrights (C¶¶12, 13, 14, 16, 34, 36);
7) Polyvore promotes its editing system (C¶38);
8) Polyvore has the right and ability to control its Users infringement (C¶¶51, 53);
9) Polyvore receives financial benefit from the infringement (C¶¶18, 44, 52).

*Black's 7th Ed.* defines a "fact" as "something that *actually exists* ... an actual or alleged *event* or *circumstance*." All of the above allegations of the Complaint meet that definition. They do not present legal conclusions. The resulting *legal conclusions* that must be reasonably drawn from the above facts is Ployvore is liable for direct,

3

contributory, and vicarious copyright infringement and Polyvore is disqualified from DMCA safe harbor.

Unable to meet its burden under Rule 12(b)(6) Polyvore now seeks to reply to the Plaintiff's Opposition, because it claims the Plaintiff has added new elements not in his Complaint. *That is not the case*. In his memorandum the Plaintiff first addressed the facts alleged in the Complaint and then *applied those facts* to existing statutes to show the Court the facts meet the "plausibility standard" as to Polyvore's liability based on several different statues and theories of liability under copyright law.

Polyvore now argues that the Plaintiff must set out in his Complaint the exact statues under which Polyvore is liable, specifically 17 U.S.C. §1201. Neither Rule 8, *Bell Atlantic*, or *Ashcroft* require the Plaintiff set forth the statues violated. *Ashcroft* at 14. The facts alleged in the Complaint clearly fit the prohibition of §1201- Polyvore's system provides "the ability [to] remove or hide copyrights" (C¶12) Polyvore should have been capable of determining §1201 prohibits Polyvore from "providing" or "trafficking" in technology that circumvent technological measures. However, Polyvore missed this application and §1201 because it *wrongly* believed that no technical measures had been established (MTD at 18).

Second, Polyvore argues that the Plaintiff needed to allege in his complaint that Polyvore runs contests. The running of contests is not illegal per se and the Plaintiff does not remotely suggest that he has a cause of action because Polyvore runs contests. His cause of action stems from the fact that Polyvore copies, distributes, displays, and creates derivative works without authorization. So his complaint alleges those facts, not the fact

Polyvore runs contests; as such it is not relevant.  Polyvore given the notice of its infringement both by DMCA notice and by the Complaint and the representative list of Images should have reviewed its operations and asked where it could be doing those illegal acts.  If it had, it would have realized that one place, *not the only place*, was in connection with its contests when it made copies of entry "sets" and winner lists that result in illegal copyright infringement for which it is strictly liable.

Third, Polyvore claims "surprise" that the Plaintiff sited its "search" capabilities, which is part of its editing system.  Polyvore provides the search database because it is a necessary aid to its Users who *must use* the editing system to create contest entry "sets." It is a necessary part of Polyvore's system. Polyvore knows full well that it provides search capabilities and should have reviewed its operations to see if that was *also* an area where it was illegally copying, displaying, and distributing the Images (C¶12).

Fourth, Polyvore claims the Plaintiff "for the first time" in his Opposition alleges Polyvore is 'directly' liable for infringement because it 'copied' its user's sets.  That is absolutely not true. Count III of the Complaint alleges "Direct Infringement" of Polyvore. C¶30 states:  Polyvores has copied, displayed and/or distributed the Images without license or approval . . ."  Indeed, Polyvore in its memorandum *intentionally misquoted* the Complaint and wrongly argued that the Plaintiff had failed to allege the elements of direct infringement (MTD at 12).   Now realizing that approach was unsuccessful, it now argues that unless the Plaintiff provides *each and every specific example* of copying, etc. his complaint is insufficient. Clearly, Polyvore was on notice of its violations and again had every opportunity to determine where it was violating the law.  It was a simple matter

5

for it to follow the representative samples of Images to find them in the contests and search data base just as the Plaintiff was able to do *from outside* Polyvore's system. Polyvore, inside its own system, with only a few clicks of a mouse could have easily determined where they were making illegal copies and that their search database is illegally loaded with copyrighted art including the Plaintiff's Images. Further, Polyvore must know, *or should know*, that if it is copying its Users' sets, indeed claiming ownership of them, and its Users illegally use copyrighted art in those sets it becomes strictly liable. Non-Internet publishers know full well that if they include copyright art in their publications, even if they or their author did not know it, they are liable. Polyvore argues, and seems to think, that because it is an Internet service provider it does not incur the same liability or its *claimed* ignorance is forgiven by the DMCA. It is wrong. The limitations of liability provisions do not change "[c]laims against service providers for direct, contributory, or vicarious infringement," which are "generally evaluated just as they would be in the non-online world." Ellison v/ Robertson, 357 F.3d 1072,1077 (9th Cir. 2004); see also Perfect10, Inc., F.3d at 758 (DMCA's "safe harbors limit liability, but 'do not affect the question of ultimate liability under various doctrines of direct, vicarious, and contributory liability." (quoting *Perfect10, Inc. v. Cybernet Ventures, Inc.* 213 F. Supp. 2d 1146, 1174 (C.D.Cal. 2002), F.3d at 758.)

Finally, Polyvore wants and argues for an opportunity to address the judicial notices presented by the Plaintiff. The Plaintiff provided those to show this Court that his complaint has great substance and is backed by *significant undisputed evidence* of Polyvore's liability, its disqualification from DMCA safe harbor, and the futility of its fair use defense. Polyvore realizing that its has failed to meet its burden under Rule

12(b)(6) is now trying to turn its motion into one for summary judgment. The judicial notices speak for themselves. Polyvore understands how damning they are. However, Polyvore's Rule 12(b)(6) motion is confined to facts alleged in the Complaint and this Court "must accept as true all of the [factual] allegations contained in a complaint" *Ashcroft* at 14. Polyvore has no need or ability to provide evidence at this stage. For a Rule 12(b)(6) argument "any consideration of documents not attached to the complaint, or not expressly incorporated therein, is [ordinarily] forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 2000 WL 461462 at *5 (9th Cir. 2000). For conversion to take place, a plaintiff must "be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56 and have had an opportunity for discovery." *Nissan, id.*; see also *Celotex*, 477 U.S. at 326. Plaintiff has had no such opportunity.

The only conceivable reason Polyvore seeks a reply is to impermissibly put forth what it views as conflicting or rehabilitating evidence. The Plaintiff's complaint sets forth facts consistent with Rule 8 and adequately put Polyvore on notice. The detail Polyvore repeatedly demands is not required. The *pro se* status of the Plaintiff is also not a reason. It is Polyvore's Motion to Dismiss that is fatally flawed and it should be dismissed forthwith.

WHEREFORE, the Plaintiff respectfully requests this Court DENY Polyvore's request of reply and oral argument and DENY its Motion to Dismiss.

7

Dated: March 1, 2013

Respectfully submitted,

*[signature]*

Robert Sarvis, Pro Se
11 Vesper Lane
Nantucket, MA 02554
603-540-4882
rhsarvis@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2013, a true copy of the Plaintiff's Opposition to Defendant's Motion to Dismiss was sent by first class mail to Defendant Polyvore's attorney Christopher Muller at 200 Park Avenue, 47th Floor, New York, New York 10166-0193.

Robert H. Sarvis

9