UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT SARVIS,
     Plaintiff,


     v.                                       CIVIL ACTION NO.
                                              12-12233-NMG


POLYVORE, INC.,
     Defendant.

**REPORT AND RECOMMENDATION RE:
DEFENDANT'S MOTION TO DISMISS
DOCKET ENTRY # 16**

**August 9, 2013**


**BOWLER, U.S.M.J.**

Pending before this court is a motion to dismiss for failure to state a claim (Docket Entry # 16) filed by defendant Polyvore, Inc. ("defendant" or "Polyvore").  On April 4, 2013, this court held a hearing and took the motion to dismiss under advisement.

PROCEDURAL BACKGROUND

On January 30, 2013, plaintiff Robert Sarvis ("plaintiff" or "Sarvis") filed an amended complaint pursuant to Rule 15(a), Fed. R. Civ. P.  (Docket Entry # 14).  The amended complaint sets out the following claims:  declaratory judgment (Count

One); permanent injunction (Count Two); direct copyright infringement (Count Three); contributory copyright infringement (Count Four); and vicarious copyright infringement (Count Five). (Docket Entry # 14). Plaintiff seeks "a declaration that the Polyvore's [sic] use of the Images was an infringement of Plaintiff's registered copyright pursuant to 17 U.S.C. § 501," an injunction to "enjoin Polyvore from further infringement of the Images pursuant to 17 U.S.C.S. § 502(a)," an award of "damages in the amount of $3,000,000 for the willful infringement by Polyvore of the registered copyrights" and costs. (Docket Entry # 14, p. 8). On February 4, 2013, plaintiff filed a notification letter as an exhibit to the amended complaint which he "inadvertently . . . failed to attach" to the amended complaint. (Docket Entry # 15).

The current dispute concerns images on defendant's website that purportedly infringe copyrighted work of Sheila Wolk ("Wolk"). (Docket Entry # 14, ¶ 7). Plaintiff is the alleged assignee of Wolk's work.[1] (Docket Entry # 14, ¶ 5). The amended complaint asserts that because Polyvore did not remove the 26 infringing images, it is liable for direct infringement. (Docket Entry # 14, ¶¶ 29-31). The amended complaint also alleges defendant's contributory infringement because defendant

---

[1]  The amended complaint summarily states that, "Robert Sarvis is the assignee of the copyrights of the art and copyrights of Sheila Wolk." (Docket Entry # 14, ¶ 5).

receives a financial benefit by allowing users to cut and paste the images after removing the copyright marks.  (Docket Entry # 14, ¶¶ 36 & 44).  Finally, plaintiff contends that defendant is liable for vicarious copyright infringement because Polyvore "profits from the direct infringement of the Images" and has been "capable of stopping the infringement of the Images but has declined to do so."  (Docket Entry # 14, ¶¶ 51 & 52).

On February 4, 2013, defendant filed the motion to dismiss (Docket Entry # 16) pursuant to Rule 12(b)(6), Fed. R. Civ. P. ("Rule 12(b)(6)"), and a memorandum in support (Docket Entry # 17).  Defendant first argues that the copyright claims fail because plaintiff fails to adequately plead statutory standing under the Copyright Act, 17 U.S.C. § 501(b).  (Docket Entry # 17, p. 17).  Second, defendant contends that the images on its website are transformative uses and therefore do not infringe the original images.  (Docket Entry # 17, p. 17).  Third, defendant asserts that the allegations that Polyvore's users may have infringed are insufficient to show that Polyvore is liable for direct infringement.  (Docket Entry # 17, pp. 18 & 19).  Fourth, defendant maintains that the contributory liability claim fails because a defendant is not liable for merely providing means with which a third party infringes.  (Docket Entry # 17, pp. 20 & 21).  Fifth, defendant submits that the vicarious liability claim is insufficient for failing to "plead

any 'obvious and direct financial interest' in the alleged copyright infringement." (Docket Entry # 17, p. 22). Defendant then asserts that, "plaintiff's claims are barred by the Digital Millennium Copyright Act," 17 U.S.C. § 512 ("DMCA"), because Polyvore "meets the threshold requirements for Safe Harbor Protection" (Docket Entry # 17, pp. 22 & 23) and because plaintiff's notice of the infringement was inadequate under 17 U.S.C. § 512(c) (Docket Entry # 17, p. 25).

On February 21, 2013, plaintiff filed an opposition to the motion. (Docket Entry # 18). Plaintiff attached a 30 page exhibit to the opposition containing screenshots of the Polyvore website and the original watermarked Wolk images, which are the subject of the alleged infringement.[2] (Docket Entry # 18-1). In the opposition, plaintiff makes a series of arguments seeking to show that Polyvore is "actively engaged" in copyright infringement as opposed to passively providing a service with which users commit copyright infringement. (Docket Entry # 18, p. 7). Plaintiff submits that by providing a search function that can produce copyrighted images in its results, the website actively infringed upon copyrights by "*storing and providing these copyrighted images* so that Users can recopy and use them." (Docket Entry # 18, p. 9) (emphasis in original). Polyvore

---

[2]  Plaintiff asks this court to take judicial notice of the attached exhibit screenshots and original Wolk images. (Docket Entry # 18).

therefore "copied, displayed and/or distributed the images without license or approval" (Docket Entry # 18, p. 18) (emphasis removed).  Plaintiff argues that copying Wolk's images "to offer them as a result of User searches" constitutes active infringement.  (Docket Entry # 18, p. 18).

Next, plaintiff argues that Polyvore actively infringed by running contests on the website judging user submitted material. (Docket Entry # 18, p. 9).  Plaintiff claims that "Polyvore profits directly from these contests from advertising that runs simultaneously with the contest, fees it charges contest underwriters like Samsung, and benefits from the promotion that increases its user base."  (Docket Entry # 28, p. 10).  The amended complaint does not refer to search results or contests.

In response to defendant's standing argument, plaintiff contends that he has standing as the assignee of Wolk's exclusive copyrights.  (Docket Entry # 18, p. 13).  The amended complaint identifies plaintiff as an assignee, as opposed to an exclusive assignee, and does not articulate how plaintiff became an assignee.  Plaintiff asserts that Rule 8(a)(2), Fed. R. Civ. P., requires only a "'short and plain statement'" and that he does not need to prove that he is Wolk's assignee in order to survive a motion to dismiss.  (Docket Entry # 18, pp. 13-14).

Plaintiff's support for direct copyright infringement largely repeats the search function and contest entry

publication arguments.  Plaintiff cites to the amended complaint
again to state that Polyvore itself directly infringed the Wolk
images' copyrights because it "copied, displayed and/or
distributed the Images without license or approval." (Docket
Entry # 18, p. 18) (Docket Entry # 14, ¶ 30).  Plaintiff raises
additional arguments to support defendant's contributory and
vicarious infringement of the Wolk images.

On March 21, 2013, defendant filed a reply.  (Docket Entry
# 29).  On March 25, 2013 plaintiff filed a sur-reply.  (Docket
Entry # 30).

STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), a
court "accept[s] as true all well pleaded facts in the complaint
and draw[s] all reasonable inferences in favor of the
plaintiffs."  Gargano v. Liberty International Underwriters,
Inc., 572 F.3d 45, 48 (1st Cir. 2009).  "The general rules of
pleading require 'a short and plain statement of the claim
showing that the pleader is entitled to relief.'"  Id.  "This
short and plain statement need only 'give the defendant fair
notice of what the . . . claim is and the grounds upon which it
rests.'"  Id.

"To survive a motion to dismiss, the complaint must allege
'a plausible entitlement to relief.'"  Fitzgerald v. Harris, 549
F.3d 46, 52 (1st Cir. 2008).  While "detailed factual

allegations" are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007); Maldonado v. Fontanes, 563 F.3d 263, 266 (1st Cir. 2009); Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008).  Additionally, "a well-pleaded complaint may succeed even if . . . actual proof of those facts is improbable."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 556.  Yet, courts "need not accept as true legal conclusions from the complaint or 'naked assertions devoid of further factual enhancement.'"  Maldonado v. Fontanes, 563 F.3d at 266 (internal quotation omitted).  Nevertheless, "pro se pleadings are to be liberally construed, in favor of the pro se party."  Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1991).

In conducting this review, it is appropriate to consider "'documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to the plaintiff's claim; or . . . documents sufficiently referred to in the complaint.'"  Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d at 48 (quoting Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993)).  Furthermore, "where the plaintiff has referenced part of a document in the complaint, it

is proper for the court to view the rest of that document so as to be able to understand it in context." Airframe Sys. v. Raytheon Co., 520 F.Supp.2d 258, 263 (D.Mass. 2007) (citing Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)); see also Watterson v. Page, 987 F.2d at 4 (additional documents treated as part of the pleadings where plaintiffs "introduced the documents themselves in order to bolster their argument against defendants' motions to dismiss"). Moreover, "[F]or purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" Doron Precision Sys. v. FAAC, Inc., 423 F.Supp.2d 173, 193 n.8 (S.D.N.Y. 2006) (quoting Fed. R. Evid. 201(b)); see also Town of Southold v. Town of E. Hampton, 406 F.Supp.2d 227, 245 n.2 (E.D.N.Y. 2005) ("this court may take judicial notice of the contents of a website assuming, as in this case, its authenticity has not been challenged and 'it is capable of accurate and ready determination'"); Monsanto Co. v. PacifiCorp, 2006 WL 1128226 *7 (D.Idaho Apr.24, 2006) (same); New York Elec. & Gas Corp. v. U.S. Gas & Elec., Inc., 697 F.Supp.2d 417, 437 n.8 (W.D.N.Y. 2010) (same).

## FACTUAL BACKGROUND

Plaintiff "is the assignee of copyrights of the art and copyrights of Sheila Wolk." (Docket Entry # 14, ¶ 5). Polyvore is a California corporation. (Docket Entry # 15, p. 2). Defendant's website, Polyvore.com, offers features such as:

> Provid[ing] its Users at no cost and as apart [sic] of the overall Polyvore system the ability to up-load works of art and then edit those works of art, which includes, but is not limited to, the ability [sic] remove or hide copyrights, modify the image, and create other works of art or images by incorporating the original works in whole or in part.

(Docket Entry # 18-1, p. 3) (Docket Entry # 14, ¶¶ 11 & 12). Polyvore's editing system allows users to copy images "in whole and/or in part . . . to form new images" or "transformed art." (Docket Entry # 14, ¶¶ 13 & 14). User generated images are compiled into collages ("sets") comprised of multiple images edited together. (Docket Entry # 18-1, pp. 11 & 15).

On October 12, 2012, plaintiff sent Polyvore a "DMCA Notification of Copyright Infringement" ("notification"). (Docket Entry # 15, p. 2). The notification informed defendant that Polyvore users had posted 26 images each of which contained the copyrighted work of Sheila Wolk. (Docket Entry # 14, ¶¶ 7 & 10). The notification identified the 26 images on Polyvore.com which allegedly infringed a total of 20 Wolk images. (Docket Entry # 15, pp. 3 & 4). In the notification, plaintiff provided uniform resource locators ("URLs") for the images on Polyvore.com as well as the titles of the corresponding Wolk

images.  (Docket Entry # 15, pp. 3 & 4).  Plaintiff also
informed defendant that he was the assignee of Wolk's work and
that he was "authorized to act on behalf of Sheila Wolk to
enforce her exclusive copyrights."  (Docket Entry # 15, p. 2).

As stated in the amended complaint, Polyvore users uploaded
Wolk images to Polyvore.com and "removed the copyrights from the
Images and claimed the Images or the transformed art using the
Images in whole or in part as their own."  (Docket Entry # 14,
¶¶ 13 & 14).  Polyvore's website contains "links with other
service providers that allow the Images to be distributed
worldwide without license or approval."  (Docket Entry # 14, ¶
45).  Plaintiff attached examples of Wolk images (as displayed
on Polyvore.com) with removed copyrights along with Wolk
originals to his opposition brief.[3]  (Docket Entry # 18-1, pp. 5-
9).  Moreover, neither plaintiff nor Wolk gave Polyvore or its
users the right to use Wolk images.  (Docket Entry # 14, ¶ 17).

---

[3]  This court takes judicial notice of the images on defendant's
website as "'official public records; . . . documents central to
the plaintiff's claim; or . . . documents sufficiently referred
to in the complaint.'"  Gargano v. Liberty Int'l Underwriters,
Inc., 572 F.3d at 48.  Alternately, this court takes judicial
notice of the Polyvore.com screenshots as information publicly
displayed on a party's own website.  Doron Precision Sys. v.
FAAC, Inc., 423 F.Supp.2d at 193 n.8.  Defendant requested that
the court take judicial notice of information on its website as
a "'matter of public record . . . not subject to reasonable
dispute'"  (Docket Entry # 17, p. 10 n.9) (quoting Intri-Plex
Techs. v. Crest Grp., 499 F.3d 1048, 1052 (9th Cir. 2007)).

Polyvore therefore "provides the means for users to copy, distribute, remove copyrights, and transform images on its site." (Docket Entry # 14, ¶ 38). Polyvore thereby allows users to "modify, cut and paste, remove or hide copyright marks, and form secondary images by incorporating the Images in whole or in part" and store those secondary images on Polyvore's servers. (Docket Entry # 14, ¶¶ 36 & 44).

Defendant holds contests wherein users submit sets to be judged on Polyvore.com. (Docket Entry # 18-1, pp. 3, 11-12). In one such contest, featuring Samsung Mobile as the "challenge partner," the winner received a Samsung Galaxy Note 2 device with a retail value of $699. (Docket Entry # 18-1, p. 11). Sets prominently featuring Wolk's images have finished in seventh and in tenth place in two such contests. (Docket Entry # 18-1, pp. 14-20, 22-26). The Wolk images, "Field of Dreams" and "Gatekeeper," were both edited in contest sets. (Docket Entry # 18-1, pp. 14, 20, 22-26). As of the date of the amended complaint, the images listed in the notification were still on Polyvore's website. (Docket Entry # 14, ¶ 41). As of January 29, 2013, a set containing a Wolk image ("Chameleon") that plaintiff identified in the notification was still available online at the same URL identified by plaintiff in the notification. (Docket Entry # 18-1, pp. 28-30).

## DISCUSSION

Defendant argues that the claims should be dismissed on four grounds.  First, plaintiff has not "plausibly alleged that he has standing under the copyright act."  (Docket Entry # 17, p. 15).  Second, the allegations in the amended complaint describe the challenged images as transformative uses thereby admitting that the images are protected under the fair use doctrine.  (Docket Entry # 17, p. 16).  Third, plaintiff "has not plausibly pled a claim" for direct infringement, contributory infringement or vicarious infringement.  (Docket Entry # 17, pp. 18 & 19).  Finally, "plaintiff's claims are barred by the Digital Millennium Copyright Act," 17 U.S.C. § 512 ("DMCA").  (Docket Entry # 17, p. 22).

In opposition, plaintiff initially argues that because he alleged to be "the assignee of copyrights of the art and copyrights of Sheila Wolk" in the amended complaint and "it is impossible to assign copyrights other than in writing (17 USC § 204(a))[sic]," then "it must be inferred that the assignment was in writing, as it is."  (Docket Entry # 18, p. 13).  Plaintiff submits he sufficiently complied with the "short and plain statement" requirement under Rule 8(a)(2), Fed. R. Civ. P. (Docket Entry # 18, p. 13).  Second, plaintiff asserts that he did not need to provide copies of the allegedly infringed Wolk work because the notification provided the title of the Wolk art and the URLs of the allegedly infringing images.  (Docket Entry

# 18, p. 14-15).  Furthermore, plaintiff maintains that language in the amended complaint, such as "form new images," does not concede that Polyvore users created unauthorized derivative works.  (Docket Entry 18, p. 16).  Third, plaintiff contends that the amended complaint adequately alleges both ownership of the allegedly infringed material and illicit copying by defendant therefore constituting a claim for direct infringement.  (Docket Entry # 18, pp. 17-18).  Fourth, plaintiff argues that defendant is liable for contributory infringement because the notification gave defendant knowledge of the infringing activity and defendant materially contributed to its users' infringing conduct by providing image editing tools and requiring use of those tools for contest eligibility. (Docket Entry # 18, pp. 19-20).  Fifth, plaintiff contends that defendant had the "right and ability to control" infringing conduct and derives a financial benefit from the infringing conduct and is thus liable for vicarious infringement.  (Docket Entry # 18, pp. 20-21).  Plaintiff's vicarious infringement argument relies heavily on Polyvore's contests, which are not mentioned in the amended complaint.  (Docket Entry # 18, pp. 20-21).

Finally, plaintiff contends that defendant does not qualify for safe harbor under the DMCA, 17 U.S.C. § 512(c)(1), because the website's search functions and contests go beyond the mere

"storage at direction of a user" that the DMCA meant to protect.
(Docket Entry # 18, pp. 22-23).  Additionally, plaintiff argues
that Polyvore's editing tools trigger liability under 17 U.S.C.
§ 1201 as a device "primarily designed for the purpose of
circumventing" copyrights.  17 U.S.C. § 1201(a)(2)(A)-(C)
(Docket Entry # 18, p. 23).

I.  <u>Statutory Standing</u>

The Copyright Act states that, "the legal or beneficial
owner of an exclusive right under a copyright is entitled . . .
to institute an action for any infringement of that particular
right committed while he or she is the owner of it."  17 U.S.C.
§ 501(b).  A plaintiff must "prove ownership of a valid
copyright and the unauthorized copying of constituent elements
of the work that are original."  <u>Warren Freedenfeld Assocs. v.
McTigue</u>, 531 F.3d 38, 47 (1st Cir. 2008); <u>see also</u> <u>Feist Pub'lns,
Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991) (same).
"Under 17 U.S.C. § 501(b), only 'the legal or beneficial owner
of an exclusive right under a copyright is entitled . . . to
institute an action for any infringement of that particular
right committed while he or she is the owner of it.'"  <u>Motta v.
Samuel Weiser, Inc.</u>, 768 F.2d at 481, 483-84 (1st Cir. 1985); <u>see</u>
<u>Latin American Music Co. v. Archdiocese at San Juan Roman
Catholic & Apostolic Church</u>, 499 F.3d 32, 41-42 (1st Cir. 2007)

(non-exclusive licensee lacked standing because it was not "legal or beneficial owner" of exclusive right).

Defendant correctly notes that in order for a transfer of copyright ownership to be valid it must be "in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."  17 U.S.C. § 204(a).  Accordingly, the amended complaint fails to plead how plaintiff came to be the assignee of Wolk's art and is therefore deficient.  The amended complaint contains a conclusory allegation that plaintiff "is the assignee of copyrights of the art and copyrights [sic] of Sheila Wolk" (Docket Entry # 14, ¶ 4) without providing any plausible basis to support such a claim.  Such "naked assertions devoid of further factual enhancement," Maldonado v. Fontanes, 563 F.3d at 266, amount to nothing more than "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.  While this court is required to "draw all reasonable inferences in favor of the plaintiff," broadly claiming to own an artist's copyrights does not support an inference of actual, exclusive ownership.  See Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d at 48.  Furthermore, because plaintiff has not shown the assignment, this court cannot determine when it occurred and therefore cannot determine if the alleged infringement occurred while plaintiff was the assignee of Wolk's work.  See Motta v. Samuel Weiser, Inc., 768

F.2d at 481, 483-84.  Accordingly, plaintiff has not adequately pleaded "ownership of a valid copyright" and therefore lacks statutory standing.  The Copyright Act claims are therefore subject to dismissal.

II.  Direct Copyright Infringement

In order to prevail on a copyright infringement claim, the "plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. at 361.  In order to find illicit copying, a plaintiff must first "prove that the defendant copied the plaintiff's copyrighted work either directly or through indirect evidence."  Yankee Candle Co. v. Bridgewater Candle Co., 259 F.3d 25, 33 (1st Cir. 2001).  "This showing entails proof that, as a factual matter, the defendant copied the plaintiff's copyrighted material."  Johnson v. Gordon, 409 F.3d 12, 18 (1st Cir. 2005).  Because "plagiarists rarely work in the open and direct proof of actual copying is seldom available," a plaintiff may prove factual copying by "adducing evidence that the alleged infringer enjoyed access to the copyrighted work and that a sufficient degree of similarity exists between the copyrighted work and the allegedly infringing work to give rise to an inference of actual copying."  Id.  The First Circuit has "termed the degree of similarity for purposes of indirectly adducing evidence of

copying, 'probative similarity.'"   Soc'y of the Holy
Transfiguration Monastery, Inc. v. Gregory, 689 F.3d 29, 49 (1st
Cir. 2012) (quoting Johnson v. Gordon, 409 F.3d at 18).
Probative similarity will be found if "the offending and
copyrighted works are so similar that the court may infer that
there was factual copying."   Lotus Dev. Corp. v. Borderland
Int'l, 49 F.3d 807, 813 (1st Cir. 1995).

After showing factual copying, the plaintiff must establish
substantial similarity, i.e., "that the copying of copyrighted
material was so extensive that it rendered the offending and
copyrighted works substantially similar."   Id.   In the First
Circuit, courts use the "ordinary observer" test to determine
whether two works are substantially similar.   Soc'y of the Holy
Transfiguration Monastery, Inc. v. Gregory, 689 F.3d at 50.
"Under this rubric, two works will be deemed substantially
similar if a reasonable ordinary observer, on examining both,
'would be disposed to overlook' the disparities between the
works, 'and regard their aesthetic appeal as the same.'"   Id.
(quoting Concrete Mach. Co. v. Classic Lawn Ornaments, Inc., 843
F.2d 600, 607 (1st Cir. 1988)).

Defendant argues that the amended complaint contains
nothing more than conclusory allegations that Polyvore
"'promotes, allows, and provides the means and technology for
users to copy, distribute, remove copyrights, and transform

17

images on its site.'" (Docket Entry # 17, p. 19) (Docket Entry
# 14, ¶ 38).  In opposition, plaintiff contends that the amended
complaint alleges volitional, direct infringement by Polyvore,
stating, "'Polyvore has copied, displayed and/or distributed the
Images without license or approval in direct violation of the
registered copyrights.'" (Docket Entry # 18, p. 18) (Docket
Entry # 14, ¶ 30).  Plaintiff attempts to support pleading a
direct action by referencing contests and search functionality
on defendant's website.  (Docket Entry # 18, p. 18).  Plaintiff
argues that, "[W]hen Polyvore copied those 'sets' including the
Images to publish the contest 'entry list' and then the list of
winners it violated the exclusive rights of the Plaintiff."
(Docket Entry # 18, p. 18) (emphasis removed).  Plaintiff
further maintains that defendant "copied the Images to offer
them as a result of User searches, and also created derivative
works" to support the claim for direct infringement.  (Docket
Entry # 18, p. 18).

Despite plaintiff's use of search functionality and contest
publication arguments in opposition to the motion, the amended
complaint does not mention either.  After accepting "as true all
well pleaded facts in the complaint" and "draw[ing] all
reasonable inferences in favor of the plaintiff," Gargano v.
Liberty Int'l Underwriters, Inc., 572 F.3d at 48, the amended
complaint pleads nothing more than "labels and conclusions, and

18

a formulaic recitation of the elements of a cause of action."
Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.  Plaintiff did
not plead that defendant copied sets for contest entry lists,
nor did plaintiff plead that defendant copied Wolk images for
use in search results.  The amended complaint simply states
that, "Polyvore has copied, displayed and/or distributed the
Images without license or approval in direct violation of the
registered copyrights." (Docket Entry # 14, ¶ 30).  Count Three
is therefore subject to dismissal.

III.  Contributory Copyright Infringement

A defendant is liable for contributory infringement when it
"'intentionally induc[es] or encourage[es] direct
infringement.'"  Elsevier Ltd. v. Chitika, Inc., 826 F.Supp.2d
398, 404 (D.Mass. 2011) (quoting Metro-Goldwyn-Mayer Studios,
Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005)); see also
Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d
1159, 1162 (2[d] Cir. 1971) ("one who, with knowledge of the
infringing activity, induces, causes or materially contributes
to the infringing conduct of another, may be held liable as a
'contributory' infringer").  A defendant need only know or have
reason to know of the infringing conduct in order to be liable
for contributory infringement, despite the defendant's non-
infringing actions.  Gershwin Publ'g Corp. v. Columbia Artists
Mgmt., Inc., 443 F.2d at 1162.  Accordingly, "'the defendant

need only have known of the direct infringer's activites, and need not have reached the legal conclusion that those activities infringed a copyrighted work.'" Elsevier Ltd. v. Chitika, Inc., 826 F.Supp.2d at 404 (quoting Jalbert v. Grautski, 554 F.Supp.2d 57, 68 (D.Mass. 2008)) (internal quotation marks omitted).

Despite a seemingly low bar for the knowledge requirement, a defendant is not liable for contributory infringement unless it "induces, causes or materially contributes to the infringing conduct of another." Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d at 1162. Furthermore, a defendant's actions must exceed mere passivity. "Something more—deriving from one's *substantial* involvement—is needed." Demetriades v. Kaufmann, 690 F.Supp. 289, 293 (S.D.N.Y. 1988) (emphasis in original); see also Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d at 1163 (liability found due to "pervasive participation" of a contributory infringer). Courts limit contributory infringement "liability to instances of more acute fault than the mere understanding that some of one's products will be misused." Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. at 932-33.

Plaintiff claims that Polyvore is liable for contributory copyright infringement because it provides users with editing tools capable of removing copyrights and watermarks and that Polyvore requires its users to use those tools in its contests.

(Docket Entry # 18, p. 20).  Plaintiff did not, however, mention Polyvore contests in the amended complaint.  The amended complaint merely alleges that, "Polyvore promotes, allows, and provides the means and technology for users to copy, distribute, remove copyrights, and transform images on its site" by using Polyvore editing tools, and that "Polyvore has induced others by undertaking purposeful acts aimed at assisting and encouraging others to infringe on the copyrights of the Plaintiff."  (Docket Entry # 14, ¶¶ 38 & 47).  Without the additional information about Polyvore contests in the amended complaint, which plaintiff identifies for the first time in the opposition (Docket Entry # 18), plaintiff has not alleged "a plausible entitlement for relief."  Fitzgerald v. Harris, 549, F.3d at 52. As plead, the contributory infringement count is therefore deficient.

IV.  Vicarious Copyright Infringement

One "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it."  Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. at 930; see also Demetriades v. Kaufmann, 630 F.Supp. at 292 ("'when the right and ability to supervise the infringer coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials,' a third party may be held liable for the direct infringement of another") (quoting

Shapiro, Bernstein & Co. v. H.L. Green Co., 316 F.2d 304, 307 (2[d]
Cir. 1963)); accord Rosenthal v. E. MPC Computers, LLC, 493
F.Supp.2d 182, 188-189 (D.Mass. 2007) ("although the First
Circuit itself has never discussed vicarious copyright
infringement, at least two judges in this district have . . .
adopted from the Second Circuit" standards for vicarious
liability).  "'The essential aspect of the direct financial
benefit inquiry is whether there is a causal relationship
between the infringing activity and any financial benefit a
defendant reaps, regardless of how substantial the benefit is in
proportion to a defendant's overall profits.'"  Agence France
Presse v. Morel, 2013 WL 2253965, *21 (S.D.N.Y. Jan. 14, 2013)
(quoting Ellison v. Robertson, 357 F.3d 1072, 1097 (9th Cir.
2004), in parenthetical), superseded in part on other grounds,
2013 WL 2253965 (S.D.N.Y. May 21, 2013) (allowing motion to
reconsider separate issue on damages award).  In opposition,
plaintiff argues that defendant is liable for vicarious
copyright infringement because it had the right to disqualify
entrants from the contests (Docket Entry # 18-1, pp. 11 & 12),
declined to exercise that right and received a financial benefit
from the infringing activity.  (Docket Entry # 18, pp. 20-21).
Plaintiff maintains that defendant "earns for the adverting
[sic] on the contest page, from fees it charges its advertising
underwriter (e.g. Samsung), and because its contests are user

base draws." (Docket Entry # 18, p. 21). These specific

allegations, however, were first proffered in opposition to the

motion. (Docket Entry # 18). The amended complaint simply

incorporates all previous averments before adding:

> 51. At all times Polyvore is [sic] capable of stopping the
> infringement of the Images but has declined to do so.
>
> 52. Polyvore profits from the direct infringement of the
> Images.
>
> 53. Polyvore at all times has the right and ability to
> control the infringement of its users

(Docket Entry # 14, ¶¶ 51-53). The amended complaint therefore

recites the elements of the cause of action which, without more,

is not sufficient. Bell Atlantic Corp. v. Twombly, 550 U.S. at

555. The amended complaint is particularly deficient in regard

to alleging "an obvious and direct financial interest in the

exploitation of copyrighted materials." Shapiro, Bernstein &

Co. v. H.L. Green Co., 316 F.2d at 307. In opposition,

plaintiff argues that Polyvore's direct financial interest can

be demonstrated by:

> adverting [sic] on the contest page, from fees it charges
> its advertising underwriter (e.g. Samsung), and because its
> contest are User base draws. Fonvisa, [Inc. v. Cherry
> Auction, Inc., 76 F.3d 259, 264 (9th Cir. 1996)] (stating
> that financial benefit may be shown "where infringing
> performances enhance the attractiveness of a venue").

(Docket Entry # 18, p. 21). Although plaintiff accurately cites

relevant case law, the amended complaint did not mention

contests, Polyvore's possible profits from said contests or

gaining a user base draw due to its editing software's attractive infringing capabilities.[4]  Furthermore, plaintiff appears to apply an incorrect standard to his user base draw argument.[5]  Plaintiff has not alleged that Polyvore users subscribe to the website in order to infringe on Wolk's artwork specifically.  Plaintiff's vicarious infringement claim, as stated in the amended complaint, does not link infringement of Wolk's work to some kind of direct financial benefit for Polyvore.  See Ellison v. Robertson, 357 F.3d at 1079 (summary judgment for defendant granted where "there is not evidence that indicates that AOL customers either subscribed because of the available infringing material or canceled subscriptions because it was no longer available").  Accordingly, as currently pled, Count Five does not withstand the motion to dismiss.

V.   Declaratory Relief and Permanent Injunction

---

[4]  Even if plead these facts would not set out a plausible claim of defendant profiting from direct infringement under Grokster.

[5]  Plaintiff argues that Polyvore attracts users due to the ability to broadly infringe using Polyvore editing tools.  The applicable standard, however, requires "the right and ability to supervise the infringing conduct" and (2) an obvious and direct financial interest in the exploitation of copyrighted materials."  Parker v. Google, Inc., 422 F.Supp.2d 492, 500 (E.D.Pa. 2006).  Thus, the court in Parker dismissed a vicarious infringement claim because the operative complaint only alleged, in a conclusory manner, that, "Google's advertising revenue is directly related to the number of Google users and that the number of users 'is dependent directly on Google's facilitation of and participation in the alleged infringement.'"  Id. (quoting the complaint).

Defendant argues, in a single sentence, that counts one and two should be dismissed due to "the absence of any cognizable substantive claim for copyright infringement." (Docket Entry # 17, p. 26, n.21). As pleaded, plaintiff's claims for declaratory and injunctive relief fail for the same reasons and to the same extent as the direct, contributory and vicarious copyright infringement claims.

## VI.  DMCA's Safe Harbor

Defendant raises a DMCA safe harbor defense. It argues that because it meets the safe harbor requirements of 17 U.S.C. § 512(c) it cannot be found liable for direct, contributory or vicarious copyright infringement. (Docket Entry # 17, pp. 22-23). The statute provides that, "[A] service provider shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief" for the actions of its users if the service provider complies with the requirements of 17 U.S.C. §§ 512(c) and (i). 17 U.S.C. § 512(c)(1); see also Wolk v. Kodak Imaging Network, Inc., 840 F.Supp.2d 724, 743-44 (S.D.N.Y. 2012) (defendant eligible for DMCA safe harbor after satisfying section 512(c) requirements and was immune after satisfying section 512(i) requirements). Because this court finds that the direct, contributory and vicarious copyright infringement claims are subject to dismissal on other grounds, defendant's DMCA safe harbor argument is moot.

25

VII.   <u>Transformative Use Argument</u>

Quoting the amended complaint, defendant next argues that, "Plaintiff concedes that Polyvore's users use the site to 'transform' images by 'editing,' 'modifying' and combining them 'in whole or in part' to 'form secondary images' and 'create other works of art.'" (Docket Entry # 17, p. 16) (Docket Entry # 14, ¶¶ 10, 12-14, 23, 36-38).  Defendant asserts that because plaintiff uses the words "transform" and "other works of art," plaintiff has "render[ed] his claim of actionable 'copying' implausible." (Docket Entry # 29, p. 8).  Because this court recommends dismissal on other grounds, it is not necessary to address this argument.

IX.   <u>Allowing Leave to Amend</u>

Under certain circumstances, a court may allow a plaintiff an opportunity to amend a complaint in lieu of a dismissal.  <u>See</u> <u>Rodi v. Southern New England School of Law</u>, 389 F.3d 5, 20 (1st Cir. 2004) (directing district court to afford the plaintiff opportunity to amend and replead chapter 93A claim).  The <u>Rodi</u> court allowed leave to amend to cure the "modest pleading defect" of a lack of notice because of the plaintiff's pro se status, the existence of a "colorable" chapter 93A claim, the plaintiff's statement in that he furnished the required statutory notice, the district court's failure to explain the ground for dismissal and the plaintiff's request for leave to

amend.   There is also a preference to decide cases on the merits.   See generally Rodi v. Southern New England School of Law, 389 F.3d at 20 (noting "'the purpose of pleading is to facilitate a proper decision on the merits'").

Although plaintiff did not request leave to amend the amended complaint, he is proceeding pro se and misunderstands the "short and plain statement" standard under Rule 8(a)(1), Fed. R. Civ. P., in relation to the requirement to include facts in the complaint that demonstrate a plausible entitlement to relief[6] to avoid a Rule 12(b)(6) dismissal.   With the exception of the vicarious infringement claim, the opposition includes facts that, if plead, indicate colorable claims.   For example, with regard to whether plaintiff is the actual assignee of Wolk's copyrighted works, plaintiff could easily attach documentation, such as written assignment for exclusive rights to a proposed second amended complaint.   Furthermore, plaintiff could provide additional facts in a proposed second amended complaint relative to the contest entry and winner lists and the use of search functionality to elucidate the plausibility of direct and contributory infringement beyond a recitation of the elements of the claims.   Moreover, plaintiff could add facts, such as specific actions and involvement by Polyvore in

---

[6]   Bell Atlantic v. Twombly, 550 U.S. at 555-558.

contests, to adequately plead the substantial involvement requirement of contributory infringement.

Under vicarious infringement, however, plaintiff fails to allege any direct link between the identified images containing Wolk's art and a direct financial benefit.  To cure this deficiency, plaintiff would need to allege something more than an amorphous benefit from advertising revenue.  In opposing the motion to dismiss, plaintiff does not identify how or articulate the manner in which defendant gained a direct financial benefit from the 26 alleged infringing images.

CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[7] that the motion to dismiss (Docket Entry # 16) be **ALLOWED** as to the vicarious infringement claim (Count Five). This court further **RECOMMENDS**[8] that the motion to dismiss be **ALLOWED** on or after September 9, 2013, as to the remaining counts unless plaintiff files a motion *for leave* to amend the amended complaint prior to September 9, 2013, and attaches a proposed second amended complaint that includes factual

---

[7]  Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which the objection is made and the basis for such objection.  See Rule 72(b), Fed. R. Civ. P.  Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order.
[8]  See the previous footnote.

allegations that state plausible direct and contributory

infringement claims along with accompanying declaratory and

injunctive relief claims.


                                    /s/ Marianne B. Bowler
                                 **MARIANNE B. BOWLER**
                                 United States Magistrate Judge