```
                    United States District Court
                       District of Massachusetts
 _____
                                 )
ROBERT SARVIS,                   )
                                 )
        Plaintiff,               )
                                 )
        v.                       )    Civil Action No.
                                 )    12-12233-NMG
POLYVORE, INC.,                  )
                                 )
        Defendant.               )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Pro se plaintiff Robert Sarvis ("Sarvis") alleges that defendant Polyvore, Inc. ("Polyvore") infringes copyrighted images that have been assigned to him by the artist Sheila Wolk. In September, 2013, this Court adopted the Report and Recommendation of Magistrate Judge Marianne B. Bowler to dismiss his claim of vicarious infringement but permit Sarvis to seek leave to amend his other claims of infringement.

Sarvis has since moved 1) for leave to file a Second Amended Complaint, 2) for leave to file a reply brief to respond to arguments raised in Polyvore's opposition to his motion to amend, 3) to strike a sentence in Polyvore's opposing memorandum and 4) for reconsideration of the dismissal of his claim of vicarious infringement.

**I.    Motion for Leave to File Second Amended Complaint**

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its complaint once as a matter of course either before the other party files a responsive pleading or 21 days thereafter. Fed. R. Civ. P. 15(a)(1). All other amendments require the written consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." Id. Although Rule 15 has been construed liberally, amendment is not warranted if it would be futile or reward undue or intended delay. See Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994).

The Court will allow the motion and permit Sarvis to file his Second Amended Complaint. At this early stage, the Court does not find that amendment would be futile but otherwise takes no position on the merits of the claims in the proposed Second Amended Complaint. It notes only that, on its face, the proposed Second Amended Complaint addresses the deficiencies identified by Magistrate Judge Bowler. For instance, Sarvis has attached an affidavit from Sheila Wolk and a copy of the Assignment dated September 10, 2012 to prove that he is the actual assignee of the subject copyrighted work. He has also included new facts concerning contest entries, winner lists and Polyvore's search functionality. While Polyvore contends that the proposed amendments are futile because Sarvis cannot prevail

on his amended claims as a matter of law, the Court declines to address the highly technical arguments raised by Polyvore until they are squarely before the Court in a motion to dismiss or other dispositive motion.

**II. Motion to Reconsider Dismissal of Claim of Vicarious Infringement**

Sarvis also moves the Court to reconsider its dismissal of his vicarious infringement claim. A motion for reconsideration is an "extraordinary remedy" granted only when the movant demonstrates that the court committed a "manifest error of law" or that newly discovered evidence that was not previously available has come to light. Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). Sarvis makes no such showing here and instead advances arguments that have already been considered and rejected by Magistrate Judge Bowler and this Court. See id. ("[A motion for reconsideration] is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected."). As a result, his motion will be denied.

## ORDER

For the foregoing reasons,

1) Plaintiff's Motion for Leave to File Amended Complaint (Docket No. 37) is **ALLOWED**;

2) Plaintiff's Motion for Leave to File a Reply to Defendant's Opposition (Docket No. 44) is **DENIED AS MOOT**;

3) Plaintiff's Motion to Strike (Docket No. 45) is **DENIED AS MOOT**; and

4) Plaintiff's Motion to Reconsider Dismissal of Plaintiff's Count for Polyvore's Vicarious Infringement (Docket No. 46) is **DENIED**.

**So ordered.**

                                                /s/ Nathaniel M. Gorton
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated June 30, 2014