UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| ROBERT SARVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-12233-LTS |
| | ) | |
| POLYVORE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON REPORT AND RECOMMENDATION

March 25, 2015

SOROKIN, J.

After de novo review of Magistrate Judge Bowler's comprehensive Report and Recommendation and the objections filed by Defendant, the Court hereby ADOPTS the Report and Recommendation, ALLOWS the Motion to Dismiss, Doc. No. 56, as to Counts IV and V, and OTHERWISE DENIES the Motion to Dismiss without prejudice to renewal of the arguments at summary judgment. Several brief points bear mention.

Drawing all reasonable inferences in Plaintiff's favor, the Amended Complaint alleges, in essence, that Defendant maintains a large database of images, "particularly copyrighted images"[1]; that the CEO of the company has personally committed, at a minimum, several instances of copyright infringement using Defendant's website; that the CEO is aware of some other instances of copyright infringement on the website in light of her personal participation in

---

[1] In the context of this Complaint, this is not a bare, conclusory allegation, though it is a summary allegation. There are sufficient specific factual allegations in the Amended Complaint to make consideration of the allegation proper at this stage.

one section of the website; that Defendant, at the conclusion of a contest supported by outside sponsors, takes possession and control over the contest winner's set of images and publishes this set on its website; that, in at least one instance, Defendant published a winning set, which included a copyrighted work; and that Defendant's website contains tools enabling the removal of copyright watermarks, the clipping of images, and the display or enlargement of images in its database, including copyrighted images.

On these allegations, the Court agrees with Magistrate Judge Bowler's careful analysis that Plaintiff has stated claims for direct, contributory, and induced infringement. This is so notwithstanding the fact that whether Plaintiff has made out its theory that Defendant's website is "'good for nothing else' but infringement," Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 932 (2005) (quoting Canda v. Michigan Malleable Iron Co., 124 F. 486, 489 (6th Cir. 1903)), as opposed to providing a service "capable of substantial noninfringing uses" despite infringement by some users, Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 442 (1984), presents a close question, even given the applicable standard at this stage of the case.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge